FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 24 2013
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JACUZZI BROTHERS, INC., JACUZZI BRANDS CORPORATION, and JBD Inc.<br><br>Defendant. | Civil Action No.<br><br><br><br>COMPLAINT 4:13 cv 370 KGB<br><br><br><br><br><br>This case assigned to District Judge Baker<br>and to Magistrate Judge Ray |

Plaintiff Transportation Insurance Company, by way of Complaint against Defendants Jacuzzi Brothers, Inc., Jacuzzi Brands Corporation and JBD Inc., says:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Transportation Insurance Company ("Transportation") is an insurance carrier organized under the laws of the State of Illinois with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. Plaintiff Transportation is authorized to transact business in the State of Arkansas, and therefore is authorized to bring suit in the state and federal courts of Arkansas.

2. Upon information and belief, Defendant Jacuzzi Brothers, Inc. was and/or is a corporation organized under the laws of the State of Arkansas and has and/or had a principal place of business at 11511 New Benton Highway, Little Rock, Arkansas. Therefore, this Court maintains personal jurisdiction over Defendant Jacuzzi Brothers, Inc.

3. Upon information and belief, Defendant Jacuzzi Brands Corporation is a true successor in interest to the liabilities of Defendant Jacuzzi Brothers, Inc. Defendant Jacuzzi Brands Corporation is a corporation organized under the laws of the State of Delaware and has a principal place of business in Chino, California.

4. This Court maintains personal jurisdiction over Defendant Jacuzzi Brands Corporation pursuant to the Arkansas "long-arm" statute, AR ST § 16-4-101 (2013), and the due process clause of the 14th Amendment to the United States Constitution, because Defendant Jacuzzi Brands Corporation maintained sufficient minimum contacts with the State of Arkansas, by seeking and obtaining insurance coverage under Arkansas policies of insurance, for claims brought against Defendant Jacuzzi Brands Corporation within the State of Arkansas.

5. Upon information and belief, Defendant JBD Inc. is a true successor in interest to the liabilities of Defendant Jacuzzi Brothers, Inc. Defendant JBD, Inc. is a corporation organized under the laws of the State of Arkansas and has a principle place of business at 12401 Interstate 30 in Little Rock, Arkansas. Therefore, this Court maintains personal jurisdiction over Defendant JBD Inc.

6. The amount in controversy among the parties is in excess of $75,000.

7. This Court's subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (2013).

## ALLEGATIONS COMMON TO ALL COUNTS

8. Defendant Jacuzzi Brothers, Inc. operated as an Arkansas corporation, from its principle place of business 11511 New Benton Highway in Little Rock, Arkansas, at least during the period between January 1, 1978 and January 1, 1981.

2

9. Between January 1, 1978 and a date uncertain in 1979, Defendant Jacuzzi Brothers, Inc. was the engaged in the manufacturing, distribution and sales of certain whirlpool tubs, submersible liquid pumps, and other commercial and industrial products.

10. Defendant Jacuzzi Brothers, Inc. was purchased by Kidde, Inc. in 1979. Kidde, Inc., at a subsequent point in time, divided Defendant Jacuzzi Brothers, Inc. into two separate subsidiaries: (a) Jacuzzi, Inc. a/k/a Jacuzzi Whirlpool Bath, Inc.; and (b) Jacuzzi Brothers, Inc.

11. Jacuzzi, Inc. a/k/a Jacuzzi Whirlpool Bath, Inc., through a series of corporate transactions, exists today as Defendant Jacuzzi Brands Corporation, operating principally from Chino, California, and engaging principally in the manufacture, distribution and sale of whirlpool tubs. Defendant Jacuzzi Brands Corporation is a successor in interest to Defendant Jacuzzi Brothers, Inc.

12. Jacuzzi Brothers, Inc., following the 1979 acquisition by Kidde, Inc., eventually became known as Defendant JBD Inc., which today is a wholly-owned subsidiary of Franklin Electric, Inc., an Indiana-based manufacturer of electrical equipment, and is engaged principally in the manufacture, distribution and sale of certain electric water pumps. Upon information and belief, JBD Inc. is a successor in interest to Defendant Jacuzzi Brothers, Inc.

13. Defendant Jacuzzi Brothers, Inc., Defendant Jacuzzi Brands Corporation, and Defendant JBD Inc. benefitted substantially from insurance coverage provided by Transportation by submitting claims against, and receiving coverage under, certain policies of insurance discussed herein.

## COUNT ONE
**(Breach of Contract)**

14. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff issued two policies of insurance to Defendant Jacuzzi Brothers, Inc. which are relevant to this action: (a) Policy No. CCP2458856 for effective dates of January 1, 1978 to January 1, 1981; and (b) Policy No. WC3451372 for effective dates of January 1, 1978 to January 1, 1981. These policies of insurance are hereinafter referred to as "the Policies."

16. The Policies have provided and continue to provide insurance coverage for certain liabilities of Defendant Jacuzzi Brothers, Inc. and its successors.

17. The Policies, by their terms, are subject to incurred loss retrospective rating plans. Pursuant to the terms of the Policies, the insured's premium obligations are based on, *inter alia*, payments and reserves on claims submitted for coverage under the Policies.

18. The Policies provide for annual calculations of the amounts owed to Plaintiff for retrospective premiums. Pursuant to the terms of the Policies, these annual calculations are performed with incurred losses (i.e. payments and reserves on claims submitted for coverage under the Policies) valued as of the first day of July and continue from year to year until either all claims submitted for coverage under the Policies have closed or the maximum premium is reached. These annual calculations of the retrospective premiums are hereinafter referred to as "Rating Plan Adjustments."

19. As disussed *infra* in paragraphs 8-13, Defendant Jacuzzi Brothers, Inc. sold and/or merged its various operations, divisions and/or business units over a period of several years.

20. Upon information and belief, Defendant Jacuzzi Brands Corporation is the successor to operations, divisions and/or business units of the former Jacuzzi Brothers, Inc. Defendant Jacuzzi Brands Corporation, as a successor to Jacuzzi Brothers, Inc., requested, received and continues to receive insurance coverage for claims under the Policies. For the same reason that Defendant Jacuzzi Brands Corporation is entitled to coverage under the Policies, Defendant Jacuzzi Brands

Corporation is liable for the retrospective premiums generated by the claims submitted for coverage under the Policies.

21. Upon further information and belief, Defendant JBD Inc. is the successor to operations, divisions and/or business units of the former Jacuzzi Brothers, Inc. Defendant JBD Inc., as a successor to Jacuzzi Brothers, Inc., benefitted from the coverage afforded to Defendant Jacuzzi Brothers, Inc., Jacuzzi Brands Corporation, and other successors and assigns of Defendant Jacuzzi Brothers, Inc. As such, Defendant JBD Inc. is liable for the retrospective premiums generated by the claims submitted for coverage under the Policies.

22. The Rating Plan Adjustment for the Policies calculated with incurred losses valued as of July 1, 2011 produced an additional $174,375 owed by Defendants to Plaintiff. Plaintiff sent the calculation documents and a corresponding invoice for these additional amounts. Defendants have failed and refused to remit payment.

23. The Rating Plan Adjustment for the Policies calculated with incurred losses valued as of July 1, 2012 produced an additional $153,982 owed by Defendants to Plaintiff. Plaintiff sent the calculation documents and a corresponding invoice for these additional amounts. Defendants have failed and refused to remit payment.

24. Defendants have failed and refused to remit payment of $328,357 which they owes to Plaintiff ($174,375 + $153,982). Defendants, therefore, remains indebted to Plaintiff in that amount.

25. Prior to filing the instant litigation, Plaintiff demanded payment of the $328,357 owed by Defendants to Plaintiff and attempted to collect same without success.

26. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $328,357, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $328,357 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

27. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Plaintiff has provided insurance coverage and related services to Defendants for which Defendants have refused to pay and have been unjustly enriched thereby.

29. Plaintiff has repeatedly demanded that Defendants remit payment of the amounts due and owing to Plaintiff.

30. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $328,357, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $328,357 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

31. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendants, being indebted to Plaintiff upon accounts stated between them, promised to pay Plaintiff upon demand.

33. Plaintiff has repeatedly demanded that Defendants remit payment for the amounts owed by Defendants to Plaintiff. Defendants, however, have failed and refused to remit payment.

34. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $328,357, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amount of $328,357 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

**Samuel J. Thomas, Esq.**
NJ Bar No. 028071992
*Admitted to the bar of U.S. District Court for the Eastern District of Arkansas*
**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 – Telephone
(973) 514-1660 – Facsimile
*Attorneys for Plaintiff
Transportation Insurance Company*

June 21, 2013
Dated

Samuel J. Thomas